# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SAYE BLENDOLO GATEI,

    Petitioner,

vs.

CLARE SULLIVAN,

    Respondent.

Case No. 3:14-cv-00132-SLG

## ORDER OF DISMISSAL

On July 7, 2014, Saye Blendolo Gatei, a state prisoner representing himself, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his November 12, 2013 conviction in the Superior Court for the State of Alaska.[1] Under Rule 4 of the Rules Governing Section 2254 Cases, the Court must review the petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[2] If so, "the judge must dismiss the petition."[3] For the reasons

---

[1] Docket 1; *State of Alaska v. Saye Blendolo Gatei*, 3AN-13-02174CR. The Court takes judicial notice that, although Mr. Gatei states that the date of his judgment of conviction is June 12, 2013, the public record shows that date to be November 12, 2013. *See* http://www.courtrecords.alaska.gov/eservices; *see also Black's Law Dictionary* (9th ed. 2009) (Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact."); *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[2] Rules Governing § 2254 Cases in the United States District Courts, Rule 4. *See* 28 U.S.C. § 2243.

[3] *Id.*

explained below, the Court must, therefore, dismiss this case for failure to exhaust.

Habeas relief in federal court is not available "unless the applicant has exhausted the remedies available in the courts of the State."[4] That is, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must . . . giv[e] the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[5] The Supreme Court has explained that "[t]he exhaustion doctrine . . . is founded on concerns broader than those of the parties; in particular, the doctrine fosters respectful, harmonious relations between the state and federal judiciaries."[6]

To satisfy the exhaustion requirement, a "prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."[7]

---

[4] 28 U.S.C. § 2254(b)(1)(A).

[5] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted).

[6] *Wood v. Milyard*, ___ U.S. ___ 132 S.Ct. 1826, 1833 (2012) (citations omitted).

[7] *Baldwin,* 541 U.S. at 29 (citations omitted); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156 (2003) ("In a state like Oregon, where review in the highest court is discretionary, a prisoner must still petition the highest court for review in order to exhaust his claim properly.") (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Like Oregon, in Alaska, a criminal defendant may request discretionary review by the Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

Mr. Gatei acknowledges that he is in the process of exhausting his claims in the state courts.[8] And the Court takes judicial notice of the fact that the public record supports Mr. Gatei's assertions. The appellate court remanded the case to the trial court, where Mr. Gatei was appointed counsel for his appeal on July 9, 2014.[9] In addition to his appeal, on February 18, 2014, Mr. Gatei filed a petition for post-conviction relief, which is currently proceeding in the state trial court with newly-appointed counsel.[10] Mr. Gatei must complete exhaustion of his state court remedies by bringing each of his specific claims in the state trial court, the state appellate court and the state supreme court, before filing a federal petition.[11]

**IT IS THEREFORE ORDERED:**

1. This case is DISMISSED without prejudice. Mr. Gatei may file a timely new case in this Court after all federal claims that he seeks to raise are exhausted in the state courts by presentation first to the Alaska Superior Court then, if Mr. Gatei disagrees with that result, to the Alaska Court of

---

[8] Docket 1 at 5-9.

[9] See *Gatei v. State,* A-11827, http://www.appellate.courts.state.ak.us; *State v. Gatei*, 3AN-12-02174CR, http://www.courtrecords.alaska.gov/eservices.

[10] *Gatei v. State*, 3AN-14-05226CI, http://www.courtrecords.alaska.gov/eservices.

[11] See *Custer v. Hill*, 378 F.3d 968, 974 (9th Cir. 2004) ("Custer did not exhaust his state court remedies, because Custer's Petition for Review in the Oregon Supreme Court did not reference the ineffective assistance of counsel claim at all.").

Appeals and then, if he disagrees with that result, in a petition for hearing to the Alaska Supreme Court.

2. Any outstanding motions are DENIED.

3. The Clerk of Court will enter a Judgment in this case.

4. A Certificate of Appealability will be DENIED.[12]

DATED at Anchorage, Alaska, this 15th day of July, 2014.

                                                    */s/ Sharon L. Gleason*
                                               UNITED STATES DISTRICT JUDGE

---

[12] A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Ninth Circuit Rule 22-1(a) ("Petitioners appealing the district court's judgment in either a 28 U.S.C. § 2254 or a § 2255 proceeding shall follow the procedures set forth in FRAP 4 and 22(b). A motion for a certificate of appealability ('COA') must first be considered by the district court. If the district court grants a COA, the court shall state which issue or issues satisfy the standard set forth in 28 U.S.C. § 2253(c)(2). The court of appeals will not act on a motion for a COA if the district court has not ruled first.").